IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROY BOUCHOT, et al.,

    Plaintiffs,

v.                            Case No. 3:09cv434-MCR/EMT

GREEN SIMMONS COMPANY,
INC., et al.,

    Defendants.
_____/

## O R D E R

    This matter is before the court on Defendants' Motion for Sanctions (doc. 58) against Plaintiffs Roy Bouchot, Rigo Tomas, and Jose Hernandez for their failure to attend court-ordered mediation. Plaintiffs filed an objection to the motion for sanctions (doc. 61), stating Bouchot appeared at the mediation by telephone and that counsel has not been able to make contact with Tomas or Hernandez, despite vigorous attempts to do so over the last several months. Also pending is Defendants' Consent Motion for Enlargement of Time, seeking an extension for completion of discovery (doc. 54). The court entered an order to show cause why sanctions should not be imposed for the plaintiffs' failure to appear for scheduled depositions (doc. 55), to which the parties have responded.

    On September 20, 2010, the court held a telephone hearing on the motions, attended by Mr. Jeremiah Talbott, participating on behalf of the plaintiffs, and Mr. Douglas Miller, participating on behalf of Defendants Green Simmons Company, Inc. and Grant Holmes. Counsel informed the court that the participating parties have reached a tentative settlement but that they are unable to move forward without the participation of all plaintiffs. As to the nonparticipating plaintiffs, Tomas and Hernandez, Mr. Talbott represented that he has made numerous unsuccessful attempts to contact them. His last communication

with them was shortly after the amended complaint was filed on March 24, 2010 (doc. 41). Tomas and Hernandez thereafter failed to participate in discovery, failed to attend court-ordered mediation, and have had no further communications with counsel. The court is satisfied from counsel's representations that he has vigorously but unsuccessfully attempted to contact his clients and that further similar attempts would be futile. Therefore, the court finds that sanctions in the form of dismissal of their claims are appropriate against Tomas and Hernandez for their failure to participate in discovery and their failure to attend court-ordered mediation. *See* Fed. R. Civ. P. 16 (f); 37(b), (d). Also, in light of the parties' representation that they have reached a tentative settlement, the motion for enlargement of time for discovery is moot.

    Accordingly, it is hereby ORDERED as follows:

    1.    Defendants' Motion for Sanctions (doc. 58) is GRANTED as to Plaintiffs Rigo Tomas and Jose Hernandez, and their claims are accordingly dismissed with prejudice. The motion for sanctions is DENIED as to Plaintiff Roy Bouchot.

    2.    Defendants' Consent Motion for Enlargement of Time (doc. 54) is DENIED as moot.

    3.    Plaintiffs shall file within seven days a notice of intent advising the court of how they plan to proceed with regard to Defendants Wade Adams and Adventure Construction Company, Inc., against whom the Clerk has entered a default (doc. 32).

**DONE and ORDERED** this 20th day of September, 2010.

    *s/ M. Casey Rodgers*
    **M. CASEY RODGERS**
    **UNITED STATES DISTRICT JUDGE**